Michael Jaurigue (SBN 208123)
  michael@jlglawyers.com
JAURIGUE LAW GROUP
300 West Glenoaks Boulevard, Suite 300
Glendale, California 91202
Telephone:  818.630.7280
Facsimile:  888.879.1697

*Attorney for Plaintiff Cindie Hamm*

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CINDIE HAMM, an individual<br><br>Plaintiff,<br><br>vs.<br><br>UNITED STATES DEPARTMENT OF VETERAN AFFAIRS,<br><br>Defendant. | **Case No.**<br><br>**PLAINTIFF CINDIE HAMM'S COMPLAINT FOR DAMAGES** |

Plaintiff Cindie Hamm files this Complaint against Defendant United States Department of Veteran Affairs and on information and belief alleges as follows:

## INTRODUCTION

1. This civil action is brought by Plaintiff Cindie Hamm pursuant to the Fair Labor Standards Act to seek compensation for harm caused by Defendant United States Department of Veteran Affairs through its illegal employment practices, including failure to pay on-call pay.  Plaintiff Cindie Hamm seeks compensation for her damages, including economic loss and other damages due to Defendant United States Department of Veteran Affairs's misconduct.  Plaintiff Cindie Hamm also seeks the recovery of her litigation costs and

attorney's fees incurred in prosecuting her claims based on the Fair Labor Standards Act against Defendant United States Department of Veteran Affairs.

## PARTIES

2. Plaintiff Cindie Hamm is an individual who resided in the State of California, County of Los Angeles at all times relevant to this action.

3. Defendant United States Department of Veteran Affairs is a federal Cabinet-level agency responsible for healthcare services for eligible military veterans at medical centers and outpatient clinics throughout the United States. Upon information and belief, Defendant United States Department of Veteran Affairs has a budget of more than $200 billion and employs more than 370,000 employees.

## JURISDICTION AND VENUE

4. This Court has jurisdiction under 28 U.S.C. §§ 1331 and 1346 because Defendant United States Department of Veteran Affairs is an agency of the United States and because Plaintiff Cindie Hamm's claims arise under federal law. An actual justiciable controversy exists between the parties.

5. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(e)(1) given that a substantial part of the events or omissions giving rise to the claims asserted in this civil action occurred.

## FACTUAL BACKGROUND

6. Plaintiff Cindie Hamm was a former full-time non-exempt employee of Defendant United States Department of Veteran Affairs at its location at 11301 Wilshire Blvd., Los Angeles, California 90073 until 2017.

7. Plaintiff Cindie Hamm worked as a Nurse Manager, VN-0610-III for Defendant United States Department of Veteran Affairs in its Nursing Section, Nursing Practice section, and Medical / Surgical division. She had worked for Defendant United States Department of Veteran Affairs for more than 37 years.

8. Defendant United States Department of Veteran Affairs required Plaintiff

Cindie Hamm to be on-call twenty-four hours per day for seven days per week. As such, Plaintiff Cindie Hamm was employed for 168 hours per work week.

9. Specifically, on or about April 1, 2015, Defendant United States Department of Veteran Affairs's former Associate Director of Nursing and Patient Care Services Marlene McCraw-Brewster "Brewster") announced to Plaintiff Cindie Hamm and approximately 30 other administrative nurses that they had 24 hour responsibilities for staffing and patient care. Ms. McCraw-Brewster stated that the nurses at Defendant United States Department of Veteran Affairs's Los Angeles location, including Plaintiff Cindie Hamm, should be available to answer any calls from the hospital at any time and were expected to report for duty when called at any time to perform duties of a staff nurse.

10. Shortly after the April 1, 2015 meeting, Deputy Nurse Executive Karen Pierce, who was in charge of managing daily operations for acute and long-term nursing, advised and instructed Director Brewster that if nurse managers were expected to address issues or come in on a 24/7 basis, nurse managers were entitled to on-call pay.

11. Director Brewster was aware that nurse managers were entitled to and should have received on-call pay for their 24 hour responsibilities, but intentionally and willfully disregarded Ms. Pierce's advice and instruction and intentionally and willfully did not comply with the requirement to pay the nurse managers on-call pay.

12. Defendant United States Department of Veteran Affairs continued the practice of expecting nurse managers, such as Plaintiff Cindie Hamm, to be on-call on a 24 hours per day, 7 days a week basis.

13. From April 1, 2015 until 2017, Defendant United States Department of Veteran Affairs' supervisory staff and other staff members called on Plaintiff Cindie Hamm at all hours of the day and night on a 24 hours per day, 7 days a week basis.

14. Defendant United States Department of Veteran Affairs failed to compensate Plaintiff Cindie Hamm in accordance with the Fair Labor and Standards Act or its own Handbook, which states that "a nurse… officially scheduled to be on-call outside of his or

her regular duty hours shall receive 10 percent of his or her applicable overtime rate for each hour of on-call duty."

15. Plaintiff initially filed an administrative claim with the Office of Personal Management (OPM), Fair Labor Standards Act claims manager in Washington, D.C.

16. Although Plaintiff received a response, the response was inadequate because it addressed a request for overtime pay, not Plaintiff's claim for on-call pay. Plaintiff subsequently requested a review of her on-call pay claim.

17. OPM investigated the case, and informed Plaintiff it would not respond further and Ms. Hamm needed to get a response from the West LA VA. Plaintiff contacted the VA Los Angeles Office, which initially failed to respond.

18. Plaintiff then contacted Senator Diane Feinstein's office. Ms. Feinstein's office put pressure on VA to respond. VA responded stating nurse managers are "accountable" for 24-7 operations of units they manage. However, there is a difference between "accountability" and "availability." If Plaintiff was required to be available as requested of her by management, VA must pay her on-call pay.

19. Defendant was aware of the difference between "accountability" and "availability", knew that Plaintiff was required to be available 24/7 and entitled to on-call pay, but willfully and intentionally disregarded its own policies and denied Plaintiff's request for on-call pay.

20. Only after contacting Senator Feinstein's office did Plaintiff finally received a response from the VA Los Angeles Office around December 1, 2018. This was the same response sent to Ms. Feinstein's office weeks prior, denying Plaintiff's claim for on-call pay.

21. Plaintiff has therefore exhausted her administrative remedies and brings this lawsuit.

### FIRST CAUSE OF ACTION
(Fair Labor Standards Act Against Defendant United States Department of Veteran Affairs)

22. Plaintiff Cindie Hamm re-alleges and hereby incorporates the paragraphs above as though fully set forth herein.

23. The Fair Labor Standards Act at 29 U.S.C. § 203(d) defines "employer" to

include any "person" acting directly or indirectly in the interest of an employer in relation to an employee and includes a public agency, such as Defendant United States Department of Veteran Affairs.

24. The Fair Labor Standards Act at 29 U.S.C. § 203(e)(2)(A)(ii) defines "employee" to mean any person employed by the Government of the United States in any executive agency.

25. Plaintiff Cindie Hamm was an employee of Defendant United States Department of Veteran Affairs, which was her employer.

26. Based on her job duties as a Nurse Manager, VN-0610-III, Plaintiff Cindie Hamm was not exempt from the provisions of the Fair Labor Standards Act contained in 29 U.S.C. § 207.

27. The Fair Labor Standards Act at 29 U.S.C. § 207(a)(1) states that:
> "Except as otherwise provided in this section, no employer shall employ any of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed."

28. The Fair Labor Standards Act at 29 U.S.C. § 203(g) defines "employ" to mean to suffer or permit to work.

29. Defendant United States of Veteran Affairs employed Plaintiff Cindie Hamm for more than forty hours in a workweek without compensating her at a rate of not less than one and one-half times the regular rate at which she was employed for all hours worked in excess of 40 hours in a workweek.

30. On or about April 1, 2015, Nurse Executive Marlene Brewster-McCraw informed the Nurse Managers that they needed to be on-call and available to work "24

hours per day, 7 days per week."

31. Defendant United States of Veteran Affairs willfully violated the Fair Labor Standards Act.

## PRAYER

WHEREFORE, Plaintiff Cindie Hamm respectfully requests this Court to granting the following relief:

    A.    For compensatory damages in an amount totaling in excess of at least $100,000.00, according to proof at trial;

    B.    For reasonable attorney's fees;

    C.    For prejudgment and post-judgment interest according to any applicable provision of law, according to proof;

    D.    For costs of suit;

    E.    For such other and further relief as the Court deems proper.

Date: December 30, 2019        Respectfully Submitted,

By:_____
Michael Jaurigue, Esq.
Attorney for Plaintiff

## DEMAND FOR JURY TRIAL

Plaintiff Cindie Hamm hereby demands a jury trial for this civil action.

Date: December 30, 2019        Respectfully Submitted,

By:_____
Michael Jaurigue, Esq.
Attorney for Plaintiff

**COMPLAINT**